UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS ROBERTS,
    Plaintiff,

v.                                                    CIVIL ACTION NO. 14-12288-MPK[1]

ANAMUL M. ISLAM,
ABU TAREK,
    Defendants.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR A NEW
TRIAL OR ALTERNATIVELY FOR AMENDMENT OF JUDGMENT (#41)
AND SUA SPONTE ORDER TO DISMISS
FIRST AMENDED COMPLAINT AGAINST DEFENDANT ABU TAREK
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED.

KELLEY, U.S.M.J.

    Plaintiff Thomas Roberts filed a complaint (#1) against defendants Anamul M. Islam and Abu Tarek on May 27, 2014, and then an amended complaint (#30) against the same defendants on December 3, 2014. The claims alleged against both defendants in the amended complaint are identical: Count I, breach of contract, Count II, breach of the covenant of good faith and fair dealing, and Count III, unjust enrichment.

---

[1] On November 25, 2014, the parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes, including trial and the entry of judgment.

Defendant Islam filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) (#35) which was allowed.[2] The amended complaint was dismissed because, based on the documentation presented, it was indisputable that the statute of limitations had run on Plaintiff's claims. Roberts has now filed a motion for a new trial or alternatively for amendment of judgment (#41) contending that the Court erred in granting the motion to dismiss.

The gist of the amended complaint is that Roberts bought a condominium from Tarek, but the existence of a mortgage in Tarek's name on that property was not disclosed. The bank ultimately foreclosed on the property for non-payment of the mortgage, and Roberts, consequently, suffered monetary losses. The argument in support of the present motion is a rehash of the argument previously advanced in opposition to the motion to dismiss and, for the same reasons, it must fail.

Although Plaintiff asserts that he "had no real or constructive knowledge of the prior mortgage" (#41 at 4) and that "[t]he actual knowledge standard should apply" (#41 at 5), that simply is not the law. Under Massachusetts law,

> With the mortgage having been duly filed and recorded in the appropriate county for the property approximately four and a half months prior to the sale, in the name of the borrower, Tarek, who was the seller listed in the Purchase

---

[2] The Order (#39) granting the motion to dismiss is incorporated herein by reference. Familiarity with the facts of this case is presumed.

>and Sales Agreement,[3] Roberts is deemed to have had constructive knowledge of the mortgage. *See*, e.g., *Devine v. Town of Nantucket,* 449 Mass. 499, 511, 870 N.E.2d 591, 600 (Mass. 2007) ("Ordinarily, constructive notice can be effected by recording the order of taking in the registry of deeds."); *Swan v. Massachusetts Bay Transp. Authority*, 82 Mass. App. Ct. 1103 (Table), 2012 WL 2368439 (Mass. App. Ct. June 25, 2012); *Colonial Bank & Trust Co. v. Sheehan*, 357 Mass. 239, 242, 258 N.E.2d 306, 307 (Mass. 1970). The factual basis for this action, to wit, that there was a mortgage on the property, was not inherently unknowable. As such, the statute of limitations began to run the day the Purchase and Sale Agreement was executed and allegedly breached.

#39 at 10.

Roberts continues to argue that the running of the statute of limitations should be tolled because Islam's existence was fraudulently concealed and he knew nothing of the relationship between Tarek and Islam. Legally, in the context of the contractual causes of action, neither Islam's identity nor his role, if any, in the transaction, is of any consequence. "The factual basis for Roberts' claims is that a mortgage existed on the property when the documentation purportedly represented that the property was free and clear of any encumbrances. It is constructive knowledge of the existence of the mortgage, not the existence of Islam, that triggered the statute of limitations for breach of contract." (#39 at 11.)

---

[3] Plaintiff does not allege any facts or proffer any argument to suggest that the recording of the mortgage in the Registry of Deeds was at all faulty or defective.

Given the dismissal against Islam, the Court now dismisses sua sponte the identical claims brought against Tarek.[4]

The First Circuit has summarized the law on the issue of sua sponte dismissals of complaints:

> 'Sua sponte dismissals are strong medicine, and should be dispensed sparingly.' *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (quoting *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 33 (1st Cir. 2001)) (internal quotation marks omitted). The general rule is that sua sponte dismissals of complaints under Rule 12(b)(6) are 'erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.' *Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R.*, 144 F.3d 7, 14 (1st Cir.1998). Only where 'it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile' can a sua sponte Rule 12(b)(6) dismissal stand. *Chute*, 281 F.3d at 319 (quoting *Gonzalez–Gonzalez*, 257 F.3d at 37) (internal quotation mark omitted). 'The party defending the dismissal must show that "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption."' *Id.* (quoting *Gonzalez–Gonzalez*, 257 F.3d at 37).

*Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22-23 (1st Cir. 2014). To reiterate, the claims brought against each defendant in this case are identical. The two defendants stand in exactly the same position. Because the contract based claims are time-barred against Islam, so, too, are they time-barred against Tarek.

---

[4] Tarek is proceeding pro se in this litigation.

Plaintiff was put on notice of the deficiencies in his claims by virtue of the prior motion to dismiss and the Court's ruling on it.  Roberts availed himself of the opportunity to file a motion for a new trial or for amendment of judgment, but has offered nothing to change the outcome.  Amendment in this case would be futile.  In short, the statute of limitations has run on Plaintiff's claims against Tarek and the amended complaint must be dismissed.

For the reasons stated, it is ORDERED that Plaintiff's Motion For A New Trial Or Alternatively For Amendment Of Judgment (#41) is DENIED.  It is FURTHER ORDERED that the First Amended Complaint (#30) against defendant Abu Tarek be, is DISMISSED SUA SPONTE under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The case is DISMISSED.  Judgment shall enter for the defendants.

September 15, 2015  /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge